**Opinion filed July 16, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-26-00031-CV

_____

## IN THE MATTER OF B.F.P., A JUVENILE

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. 6417**

## M E M O R A N D U M   O P I N I O N

In May 2025, the trial court found that B.F.P., a juvenile, had engaged in delinquent conduct and placed B.F.P. on probation following a disposition hearing. *See* TEX. FAM. CODE ANN. §§ 51.03, 54.03, 54.04 (West 2022).  B.F.P. is represented by counsel in this court and in the proceedings below.  In January 2026, after holding a hearing on the matter, the trial court signed an order modifying B.F.P.'s disposition and placed her in the custody of her paternal grandfather, ordering her to continue to follow all probation rules and finding that such placement was in the best interest of B.F.P.  *See* FAM. § 54.05.  Appellants, Dustin Doyle Purdy and Michelle Kathline

Gibson, filed a pro se notice of appeal from the trial court's order. We dismiss the appeal.

Pursuant to Section 56.01, an appeal may be taken "by or on behalf of a child" from an order modifying a previous juvenile court disposition. FAM. § 56.01(c)(1)(C). In this regard, *the child* has the right to appeal and the right to representation by counsel for that appeal. *Id.* § 56.01(d). "If the child *and* [her] parent, guardian, or guardian ad litem express a desire to appeal," the attorney representing the child in the trial court must file a notice of appeal on the child's behalf. *Id.* § 56.01(f). Consistent with Section 56.01(e), the trial court admonished the parties in its order that B.F.P. had the right to appeal and, if she desired to appeal the trial court's order, the right to counsel. FAM. § 56.01(e).

On February 13, 2026, counsel for B.F.P. filed a letter in this court stating that B.F.P. does not wish to appeal the rulings of the trial court, and that Appellants' "desires [in appealing the ruling] are contrary to those of B.F.P." We informed Appellants by letter that B.F.P.'s desire not to appeal the trial court's decision may affect our jurisdiction, and we requested Appellants and the State to respond regarding this jurisdictional inquiry, informing Appellants that the appeal was subject to dismissal.

In their response, Appellants state that they are challenging the order for the "absence of lawful notice, lack of statutory service, and severe due process violations that rendered the underlying proceeding void."[1] The State responds that the trial court had jurisdiction to enter the order, asserts that Appellants' right to appeal are derivative of B.F.P.'s right to appeal, and requests that we dismiss this appeal for want of jurisdiction. Appellants replied by filing an amended notice of appeal, purporting to appeal on B.F.P.'s behalf.

---

[1]We note that Appellants appeared at the hearing and testified.

Although Appellants, in their amended notice of appeal, purport to appeal on B.F.P.'s behalf, B.F.P. is represented by counsel, who has informed this court that B.F.P. does not wish to appeal the trial court's order modifying her disposition. Absent a notice of appeal by or on behalf of the child, we lack jurisdiction to entertain an appeal from the trial court's order modifying B.F.P.'s disposition in this case.[2]  *See In re A.E.E.*, 89 S.W.3d 250, 254–55 (Tex. App.—Texarkana Oct. 17, 2002, no pet.); *In re A.M.M.*, No. 09-03-00046-CV, 2003 WL 1848667, at *1 (Tex. App.—Beaumont Apr. 10, 2003, no pet.) (mem. op.) (mother lacked standing to appeal because the child had not expressed a desire to appeal the trial court's order releasing her from the treatment facility to her aunt); *see also In re T.M.*, No. 09-18-00183-CV, 2019 WL 6205153, at *2 (Tex. App.—Beaumont Nov. 21, 2019, no pet.) (mem. op.) ("[W]e lack jurisdiction over an appeal of an order of a juvenile court filed by a parent when the juvenile-respondent has not joined the appeal or expressed a desire to appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction.  *See T.M.*, 2019 WL 6205153, at *2; *A.M.M.*, 2003 WL 1848667.  All pending motions are dismissed as moot.


JOHN M. BAILEY
CHIEF JUSTICE


July 16, 2026
Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note that the case has proceeded below and that, in a stipulation entered on May 11, B.F.P. pled true to violating her probation and is awaiting a hearing on those violations.  In the stipulation, Appellants and her paternal grandfather are listed as those parties who have custody of B.F.P.